**TRANSCRIBED FROM DIGITAL RECORDING**

```
                IN THE UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION

JAMES LEE DORSEY,                        ) Case No. 21 C 2202
                                         )
         Plaintiff,                      )
                                         )
      vs.                                )
                                         )
SHERWIN MILES and WENDY DYBIAS, RN,      ) Chicago, Illinois
                                         ) September 11, 2024
         Defendants.                     ) 11:30 A.M.

      TRANSCRIPT OF PROCEEDINGS - In-Person Status and Motion
    BEFORE THE HONORABLE JEFFREY T. GILBERT, Magistrate Judge

APPEARANCES:

For the Plaintiff:      TABET DIVITO & ROTHSTEIN LLC
                        209 South LaSalle Street
                        7th Floor
                        Chicago, Illinois  60604
                        BY:  MR. DANIEL L. STANNER
                             MR. JOHN ANDREASEN

For Defendant Miles:    ILLINOIS ATTORNEY GENERAL'S OFFICE
                        115 South LaSalle Street
                        28th Floor
                        Chicago, Illinois  60603
                        BY:  MR. MANASSEH KONADU

For Defendant DYBIAS:   CASSIDAY SCHADE LLP
                        973 Featherstone Road
                        Suite 125
                        Rockford, Illinois  61107
                        BY:  MR. JOSEPH MYLES RANVESTEL



                PAMELA S. WARREN, CSR, RPR
              Official Court Reporter - Retired
                23869 N. High Ridge Drive
               Lake Zurich, Illinois  60047
                      312.823.0001

NOTE:  Please notify of correct speaker identification.
```

1    (Proceedings held in open court:)
2        THE CLERK:  21 C 2202, Dorsey versus Miles, et al.
3        THE COURT:  Okay.  For plaintiff.
4        MR. STANNER:  Good morning, your Honor.  Dan Stanner
5    and John Andreasen on behalf of the plaintiff.
6        THE COURT:  Good morning.
7        For defendant, for the IDOC defendants.
8        MR. KONADU:  Good morning, your Honor.  Manasseh
9    Konadu for defendant Miles.
10       THE COURT:  Okay.
11       MR. RANVESTEL:  And --
12       THE COURT:  Hold on for one a second.
13       And you said this really quickly.  I thought you said
14   Manasseh.  But is your last name Konadu?
15       MR. KONADU:  Correct.  Correct.
16       THE COURT:  Okay.  That was swallowed, so...
17       MR. KONADU:  Oh, sorry about that.
18       THE COURT:  You speak pretty quickly.  Okay.  Got it.
19       And?
20       MR. RANVESTEL:  Good morning, your Honor.  Joseph
21   Ranvestel for Ms. Wendy Dybias.
22       THE COURT:  Okay.  Do you have an appearance on file?
23       MR. RANVESTEL:  Yes, your Honor.  I believe I was with
24   you at the last --
25       THE COURT:  Okay.

```
 1              MR. RANVESTEL:  -- virtual setting.
 2              THE COURT:  Sorry.  I don't remember.  Okay.  Great.
 3         Hi.  Per my minute order of August 27th, I have
 4   plaintiff's motion to compel and for attorneys's fees.  I have
 5   also seen your joint status report.
 6              First, Mr. Konadu, did you -- I mean, I would say
 7   overall, to the extent dates are going to expire, you need to
 8   file motions.  All right?
 9              MR. KONADU:  Yes, your Honor, that is correct.
10              THE COURT:  Because at least according to plaintiff,
11   they wait, wait, wait, and they don't get stuff.
12              But my first question is:  Did you answer the
13   interrogatories or the document requests that they were waiting
14   for?
15              MR. KONADU:  No, I have not, your Honor.
16              THE COURT:  Why not?
17              MR. KONADU:  Your Honor, right now it has been quite
18   difficult to get in contact with my defendant.  She is
19   overseas.
20              And it has also been very difficult to get some
21   documents back from IDOC, specifically Stateville, with all the
22   requests that they are dealing with with the shutting down of
23   that facility to transfer other people.
24              Per my co-counsel's motion, they are correct, I should
25   have, definitely on multiple occasions at least, communicated
```

1  with them so they knew what was going on.  And for that, your
2  Honor, I apologize to my counsel -- to opposing counsel and to
3  the Court.
4          THE COURT:  It is rude not to accept somebody's
5  apology, so I'll accept the apology.
6          But not communicating to the other side when they have
7  got discovery requests outstanding on you is unacceptable,
8  completely unacceptable.  You know that.  I don't want that to
9  continue in this case.  They have been chasing you for months.
10 They are chasing you for months.  Okay?  That's completely
11 unacceptable.
12         Why is your defendant -- who is the defendant?
13         MR. KONADU:  Sherwin Miles, your Honor.
14         THE COURT:  Okay.  And why is he overseas?
15         MR. KONADU:  Well, she -- she no longer works for
16 IDOC.
17         THE COURT:  Oh, Sherwin -- I have always thought
18 Sherwin was a male.  Sherwin is a female?
19         MR. KONADU:  Correct.  Yeah, she was the former warden
20 at Stateville.
21         THE COURT:  Uh-huh.
22         MR. KONADU:  And she no longer works for the IDOC and
23 is spending most of her time overseas, your Honor.
24         THE COURT:  She's a defendant in the case.  Do you
25 want to get to a point where default judgment is entered in

1  this case against her and the only thing that happens is
2  plaintiff has to come in and prove up damages?  I mean, is that
3  a call you would really like to make to Ms. Miles to say, look,
4  you didn't respond to my -- and I don't know how much you have
5  been trying to get her, you know.  I don't have any details
6  about what you're doing.
7         She's overseas.  That means -- she's not in a hole
8  someplace, right?  She has access to email and a phone, right?
9         MR. KONADU:  That's correct.
10         THE COURT:  Yeah.  This is completely unacceptable.
11  And do you think it would be better instead of -- would you
12  rather just get a default judgment entered against her and then
13  I'll set up a prove up on damages?  And would you go -- like to
14  tell your supervisor at the AG's office that I didn't get
15  discovery from this person because she is now out of the
16  country so we just -- the judge has entered a default judgment?
17         MR. KONADU:  No, your Honor.  Your Honor, I will be
18  doing better.  Transparently, I -- I do have a massive
19  caseload, so it has been tough to kind of align my schedule
20  with the client's schedule as well.
21         THE COURT:  Yeah.
22         MR. KONADU:  So --
23         THE COURT:  I still don't know how much you have been
24  trying.  Okay?  I know all the assistant attorneys general have
25  a massive schedule.  All right?

1   My sense is you haven't been trying too hard.  Okay?
2   So let me ask you a couple questions on that respect.  All
3   right?
4           MR. KONADU:  Of course, your Honor.
5           THE COURT:  You have had -- I mean discovery has been
6   outstanding since April.  Original responses were due on May
7   3rd.  So that's June, July, August, September.  We're four
8   months late on the responses.
9           MR. STANNER:  Your Honor, that's the exhaustion
10  discovery.
11          THE COURT:  Oh, that was -- I'm sorry.  That
12  was -- that was responded to.  I stand corrected.
13          MR. STANNER:  Substantive discovery starts on
14  paragraph 6.
15          THE COURT:  Yeah.  I'm sorry about that.  I had that
16  too.
17          On May 15th it was issued.  So it is July, August,
18  September.  It is only three months overdue for the merits
19  discovery.
20          So tell me -- and you had been making promises in the
21  status reports as to when you were going to get this done,
22  right?  That's what the motion says, you were going to get it
23  done on September 2nd.  Didn't happen.
24          How many telephone calls where you have actually had a
25  call, rather than leaving a message, between May of 2015 (sic)

1  and today have you had with Miles?
2         MR. KONADU:  About three.  But a majority of them were
3  focused on the exhaustion discovery first.
4         THE COURT:  Were any on the merits discovery?
5         MR. KONADU:  Just the one conversation, and that was
6  about week -- about half the conversation.
7         THE COURT:  When did that conversation occur,
8  approximately, about the merits discovery?
9         MR. KONADU:  I would say about maybe a month and a
10 half ago, your Honor.
11        THE COURT:  Uh-huh.  And you're waiting for
12 interrogatories and document requests?
13        MR. STANNER:  That's correct, your Honor.
14        THE COURT:  Where is Miles in the world?  What
15 country?
16        MR. KONADU:  I believe she's in the Virgin Islands,
17 your Honor.
18        THE COURT:  That's nice.
19        But that's only part of the problem, right?  The other
20 problem is getting documents from IDOC, right?
21        MR. KONADU:  Absolutely, your Honor.
22        THE COURT:  Yeah.  When was the last time you talked
23 to IDOC?
24        MR. KONADU:  So the last time I re-emailed IDOC was on
25 last Friday, your Honor.  And I think the -- one of the major

1   issues is some of these requests (unintelligible) ESI searches,
2   so I have been working with IDOC legal to make sure that we can
3   get the correct terms so we can provide all the documents that
4   plaintiff needs.
5           And, again, your Honor, this has also been on me to at
6   least communicate that with my opposing counsel to let them
7   know that it is going to take a little bit longer, and I failed
8   to do that.
9           THE COURT: Are you actually talking to a real live
10  person at IDOC or are you just sending emails to somebody?
11          MR. KONADU: I talk to people, your Honor.
12          THE COURT: Okay. And you talked about merits
13  discovery as well as the exhaustion discovery?
14          MR. KONADU: Yes, your Honor. The communication with
15  IDOC has only been about the merit discovery.
16          THE COURT: I don't know that you attached -- I don't
17  think you attached your discovery request to your motion. They
18  weren't necessarily relevant to it. I -- I don't know how much
19  information you're asking for or not, Mr. Stanner.
20          And your motion asked me to over -- you know, deem all
21  objections to be waived. I suppose I don't know if they are
22  making any objections to any of the discovery. It may be
23  premature to do that.
24          I will tell you, being three months late in responding
25  to this discovery, or for that matter, in responding to the

1 exhaustion discovery, if you are making objections, you're
2 late.  And plaintiff makes a good point that any such
3 objections should be overruled.  But I'm not seeing what the
4 objections are.  And I'm not seeing how, you know, meritorious
5 any of those objections would have been.
6     But I would say to you, Mr. Konadu, you ought to
7 govern yourself accordingly in terms of responding to this
8 discovery.  If you're going to wait three months to respond and
9 then make a bunch of objections and think that that means you
10 don't have to produce documents, even burden objections could
11 have been dealt with months and month ago, I'll look at that
12 real hard.
13     But given that you have told me you were going to
14 respond to the merits discovery by September 2nd, and that was
15 in a prior status report, ECF 97, and that didn't happen, and
16 you still haven't responded, tell me when is it realistic to
17 think that you'll be able to get responses to interrogatories,
18 which means you have to talk to Miles and get those signed off
19 on, which you could do electronically.
20     MR. KONADU:  Uh-huh.
21     THE COURT:  And two -- and answer that.  And then to
22 get the IDOC documents first -- not the ESI and then ESI.
23     MR. KONADU:  I'd say about 30 days, your Honor,
24 pre-ESI, and then ESI possibly 45 days.
25     THE COURT:  That's for IDOC?

```
 1            MR. KONADU:  Correct, your Honor.
 2            THE COURT:  Yeah.  Could you respond to the Miles's
 3   interrogatories in 14 days?
 4            MR. KONADU:  Yes, your Honor.
 5            THE COURT:  Well, Mr. Stanner, this is my inclination.
 6   I'm inclined to grant the motion to compel to order Miles to
 7   answer the interrogatories by September 25th.
 8            I don't like the extension on the IDOC documents for
 9   30 days, but that's what the man is telling me he could do.
10   And I don't like 45 days on ESI, but that's more complicated.
11   Okay?
12            I'm not going to be in a -- I am not going to enter
13   sanctions right now because counsel is telling me he's
14   overloaded and he has come in and apologized for not being more
15   communicative with you.  I have told him he has got to be more
16   communicative.  Hopefully that his -- that pattern will change.
17            And I have also told him that even though he has got a
18   big caseload, this has to go to the top of the heap because he
19   has got a judge who wants to move this case filed in 2021 and
20   he has been sitting on discovery.
21            So I'm going to grant the motion to compel.  I'm going
22   to order that the responses be done in this regard.  I'm going
23   to deny without prejudice the motion for other sanctions.
24            I will hold in abeyance defendants's -- plaintiff's
25   request to deem all objections waived.  Though I am telling you
```

1  I am not -- I wouldn't want to do that until I actually saw
2  what you were objecting to.  Because, for example, if the
3  plaintiff's request was the shoe sizes of all guards at
4  Stateville, I'm going to -- and you object to that, I'm not
5  going to say you have got to answer that just because you were
6  late.  My guess is that wasn't the request.  Okay?
7         But I will tell you that -- that my option -- I would
8  exercise the option to deem objections waived -- it depends on
9  the objection.  Because of the late -- because you're late and
10 because you didn't file a motion and there is a consequence to
11 that for you and your client.
12        And then I would ask you to file a joint status report
13 on September 27, which I think is a Friday, confirming that
14 Miles responded to the interrogatories on the 25th.
15        And I'll schedule another status hearing after the
16 IDOC documents are supposed to be produced.  And I think that
17 would take me out -- just before the ESI.  That would take me
18 out to October 16th.  And I would schedule that status hearing
19 in person at 10:00 A.M., if that works for counsel.
20        Mr. Konadu?
21        MR. KONADU:  Yes, your Honor, that works.
22        THE COURT:  Your --
23        MR. RANVESTEL:  That works on my end as well, your
24 Honor.
25        THE COURT:  Mr. Stanner?

1            MR. STANNER:  Yes, your Honor, we can do that.
2            THE COURT:  Okay.  Actually can you do 10:30 too?  Or
3   no, 10:00 -- no, 10:00 is better.  Sorry.  I apologize.  Okay.
4            And at that, you don't have to file a joint status
5   report.  I just want to know the documents were produced
6   and -- the non- -- non-ESI and how -- what progress you have
7   made.
8            So you can put in the status -- in the minute order
9   that JSR on the 27th is to confirm that defendant Miles
10  responded to or answered the interrogatories or outstanding
11  interrogatories, plaintiff's outstanding interrogatories.
12           The status hearing on the 16th is to confirm that the
13  non-electronic -- the non-ESI -- or no -- that IDOC produced
14  its documents in response to plaintiff's outstanding discovery
15  request, other than ESI and for a report on defendants's
16  progress in producing ESI.
17           And I'm understanding, Mr. Konadu, that really the
18  issue is not Miles not responding to you necessarily, it's you
19  following up with Miles.  Okay?
20           But to the extent that you need any encouragement
21  there, or she does, she's a defendant in this case, whether she
22  is an IDOC employee or not, and needs to respond to discovery.
23  You know, if necessary, I can order her to appear here and
24  explain why she is not responding to discovery.  So I think,
25  you know, we have got to get that done.

1    So I'm taking your dates and I'm ordering them. And
2  I'm hoping that you can comply with those.
3    MR. KONADU: Yes, your Honor.
4    THE COURT: Clear? Okay.
5    And I just want to look with respect to Dybias.
6  Dybias didn't respond to interrogatories until the 8th. Has
7  not yet responded to the production request. This is per your
8  status report.
9    Where are we on that, counsel? And tell me your name
10 again.
11    MR. RANVESTEL: Joseph Ranvestel, your Honor, for
12 Ms. Dybias. My understanding there was some production. After
13 the discovery conference this past Friday, there was
14 supplemental responses made this past Monday to opposing
15 counsel.
16    MR. STANNER: That's correct, Judge. We did -- we did
17 receive responses from Nurse Dybias. We did have a meet and
18 confer on some of the objections just the other day, maybe
19 Friday. We got revised responses.
20    And we are in the process of going through her
21 production requests. So we're definitely making progress on
22 the Dybias side.
23    THE COURT: Okay. So I would like plaintiff and
24 defendant Dybias to give me a joint status report, maybe by
25 10/8, if that gives you enough time to talk amongst yourselves

1  regarding the status of discovery -- written discovery between
2  plaintiff and Dybias, just to get a date to get stuff.
3            MR. STANNER:  Sure.
4            THE COURT:  And then we can talk about it on the 16th
5  if we need to.
6            MR. STANNER:  That sounds great.  Thank you.
7            THE COURT:  You okay with that?
8            MR. RANVESTEL:  That sounds good on my end as well,
9  your Honor.
10           THE COURT:  Okay.  Great.
11           And since I don't see -- I don't -- could you spell
12 your last name for me, Wexford counsel?
13           MR. RANVESTEL:  R-A-N-V-E-S-T-E-L.
14           THE COURT:  Ranvestel.
15           MR. RANVESTEL:  Yes, your Honor.
16           THE COURT:  Okay.  The reason I was confused is you
17 didn't sign this joint status report and your name wasn't on
18 there.  And I don't -- I have it on my -- it is only signed by
19 Weller, Maruna, and Taylor Rasey.  So I am familiar with those
20 folks, but not you.
21           But you say you were here last time, so I'm sorry I'm
22 not remembering you.
23           MR. RANVESTEL:  And, your Honor, I was at one of the
24 past virtual statuses.  I don't recall if it was necessarily
25 the last time.

1          THE COURT: Okay.

2          MR. RANVESTEL: But I do have an appearance on file.

3          THE COURT: Okay. All cool.

4          Anything more from the plaintiff?

5          MR. STANNER: No. Thank you, Judge. Very helpful.

6          THE COURT: Yeah. I mean, I am -- again, if I didn't
7  hear a contrite Mr. Konadu and if I didn't know that the
8  assistant attorneys general defending these cases have a
9  crushing caseload, I would have been more receptive to
10 sanctions.

11         But what I really want to have happen is you get
12 responses to discovery. You move to depositions. You figure
13 out if you can settle the case. If not, dispositive motions
14 and try it.

15         So I don't want to get hung up on that kind of stuff,
16 but I do want to move the case forward.

17         I mean, as I said, it is a 2021 case. There were
18 other delays in the case. But now we have counsel and we have
19 got to -- we got to rock and roll.

20         So let's do it. I have a judges's meeting to go to
21 and I have to get food before then because I forgot to order,
22 so --

23         MR. STANNER: Thanks very much.

24         THE COURT: -- I'm going to adjourn.

25         MR. KONADU: Thank you, your Honor.

1  　　　　MR. RANVESTEL:  Thank you, your Honor.

2  　　(Which concluded the proceedings.)

3  　　　　　　　　　　CERTIFICATE

4  　　I certify that the foregoing is a correct transcript

5  from the digital recording of proceedings in the above-entitled

6  matter to the best of my ability, given the limitation of using

7  a digital-recording system.

8

9

10 */s/Pamela S. Warren*　　　　　　　　October 16, 2024
   Official Court Reporter - Retired　　　　　Date
11 United States District Court
   Northern District of Illinois
12 Eastern Division